UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

LONNIE MOORE                                           CIVIL ACTION NO.  08-0419

VS.                                                    SECTION P

STATE OF LOUISIANA                                     JUDGE JAMES

                                                       MAGISTRATE JUDGE HAYES

<u>REPORT AND RECOMMENDATION</u>

Lonnie Moore, a pre-trial detainee who is presently incarcerated at the Madison Parish Correctional Center, Talullah, Louisiana,  has been charged with possession of cocaine and armed robbery and those charges are pending in Louisiana's Sixth Judicial District Court. He filed the instant *pro se* petition for *habeas corpus* pursuant to 28 U.S.C. §2241 on March 24, 2008. Petitioner contends that his right to a speedy trial has been violated and he is therefore entitled to have the pending charges dismissed.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED.**

### *Statement of the Case*

Petitioner was arrested on April 13, 2006. [doc. 1, p. 2] On May 3, 2006, the District Attorney for Louisiana's Sixth Judicial District, Madison Parish,  filed  bills of information charging petitioner with possession of drug paraphernalia (La. R.S.40:1033) in the matter docketed under Docket Number 120539 of the Sixth Judicial District Court and possession of crack cocaine (La. R.S.40:967C)  in the matter docketed under Docket Number 120539.  Both

offenses were alleged to have occurred on April 13, 2006.  [doc. 1-3, pp 29-30] On May 30, 2006, a bill charging petitioner with armed robbery (La. R.S.14:64), which was also alleged to have occurred on April 13, 2006,  was filed in the matter docketed under Docket Number 120969. [doc. 1-3, p. 28]

Petitioner was arraigned on the drug related charges on May 8, 2006, and on the armed robbery charge on June 6, 2006. [doc. 1, p. 2] Counsel was appointed.  Nevertheless, on February 5, 2007, petitioner filed a *pro se* Motion for a Speedy and Public Trial attacking the validity of the armed robbery charges under Docket Number 120969 and claiming that the armed robbery charge "... is utterly unsubstantiated, unfounded, and that a true, tier of elements pursuant to it (the charge) cannot be 'legally' established in the confines of pure constitutional criteria..." He also complained of court-appointed trial counsel's refusal to execute an affidavit certifying readiness for trial as required by the Louisiana Code of Criminal Procedure. [doc. 1-3, pp. 1-3] On February 6, 2007, Judge Lancaster signed petitioner's prepared order.[1]  On March 8, 2007 a hearing was convened on petitioner's *pro se* motion under Docket Number 120969.  At the hearing the prosecutor advised the court that this matter had been fixed for trial for April 23, 2007. The trial court then stated, "All right. I hereby declare that to be a speedy trial." [doc. 1-3, pp. 5-8]

On March 26, 2007, petitioner was notified that a pre-trial conference was scheduled in case number 120969 (armed robbery), case number 120538, and case number 120539 (drug

---

[1] The order provided, "It is hereby ordered that the evocation of Movant's right to a speedy and pubic trial be made a permanent part of the written record as it is ordered that any and all of the timely conjunctive actions and filing of Movant's attorney of record in this related cause of a motion for a speedy and public trial be made and listed as an accompaniment to the Movant's speedy trial motion." [doc. 1-3, p. 4]

charges) for April 16, 2007. [doc. 1-3, pp. 9-10]

On June 13, 2007, petitioner filed a *pro se* "Motion for Release Pursuant to C.Cr.P. art. 701 and Motion to Quash and Dismiss (Violation of Constitutional Right to Speedy Trial)" in cases under docket numbers 118602, 120538, 120539, and 120969.  Therein petitioner alleged that his trial which had been fixed for April 23, 2007, had been continued on the State's motion, and against petitioner's objection, to November 23, 2007. He further alleged that dismissal of the pending charges was the appropriate remedy for the State's violation of his speedy trial rights.  A hearing on petitioner's motion was then scheduled for August 16, 2007.  [doc. 1-3, pp. 11-18]

On September 24, 2007, petitioner submitted a *pro se* application for writ of mandamus to the Second Circuit Court of Appeals.  According to petitioner, he was not brought to court for the August 16, 2007, hearing on his motion.  He prayed for "... the dismissal from any further prosecution ..." [doc. 1-3, pp. 19-26]

On October 1, 2007, the Second Circuit's Assistant Staff Director returned petitioner's pleadings and advised that the submission did not comply with Uniform Rules of the Courts of Appeal, Rules 4-2, 4-3, and 4-5. [doc. 1-3, p. 27]

Petitioner signed his *pro se habeas corpus* petition on March 18, 2008. [doc. 1, p. 10] It was received and filed herein on March 24, 2008. Petitioner asks this court to "... grant a dismissal from any further prosecution. [doc. 1, p. 9]

### *Law and Analysis*

Petitioner is a pre-trial detainee who is challenging  pending Louisiana state court criminal prosecutions.  Thus, this petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to  persons in custody awaiting trial who have not yet been

convicted.  *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998);  *Dickerson v. Louisiana*, 816

F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987)

(Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody

pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241,

'which applies to persons in custody regardless of whether final judgment has been rendered and

regardless of the present status of the case pending against him.');  and *Robinson v. Wade*, 686

F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise

under 28 U.S.C. s 2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in

violation of the Constitution,' rather than under 28 U.S.C. s 2254(a), which requires that custody

be 'pursuant to the judgment of a state court.'")

      The requirement of exhaustion of state court remedies in a federal *habeas corpus*

proceeding filed pursuant to 28 U.S.C. §2254 is well established.  A petitioner seeking federal

*habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he

has exhausted available state remedies.  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982);

*Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983).  The exhaustion requirement is a judicial

abstention policy developed "to protect the state courts' opportunity to confront and resolve

initially any constitutional issues arising within their jurisdictions as well as to limit federal

interference in the state adjudicatory process."  *Dickerson*, 816 F.2d at 225;  *Picard v. Connor*,

404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997).  In order to

satisfy the exhaustion requirement, the petitioner must have provided all state courts that could

review the matter with a fair opportunity to review all of his *habeas corpus* claims before a

federal court will review those claims.  *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982);

*Picard*, 404 U.S. 270.

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court.  However, a body of jurisprudential law requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention.  *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303,  n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Furthermore, a federal court should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings.  *Dickerson,* 816 F.2d at 225, citing *Braden,* 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28.  These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."  *Braden,* 410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson,* 816 F.2d at 225-226.

The nature of the remedy sought provides a further distinction.  The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" from one who seeks only to enforce the state's obligation to bring him promptly to trial.  *Dickerson*, 816 F.2d at 225.  In *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976),  the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution
> is of the first type, while an attempt to force the state to go to trial is of the
> second. While the former objective is normally not attainable through
> federal *habeas corpus*, the latter is, although the requirement of exhaustion
> of state remedies still must be met.

*Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976).

Petitioner's prayer for relief establishes beyond any doubt that he seeks dismissal of the charges pending in the Sixth Judicial District Court and his immediate release from the custody of the Sheriff of Madison Parish, and not enforcement of any federally guaranteed right to a speedy trial.  Further, the pleadings and exhibits, along with Louisiana's published jurisprudence reflects that petitioner has not exhausted available state court remedies.[2]  As noted above, this court is without authority to order the dismissal of the charges; and, to the extent that petitioner might seek to amend his pleadings to seek only enforcement of the right to a speedy trial, such relief is not available until such time as petitioner has exhausted all available state court remedies.

Therefore,

**IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** for failing to exhaust available state court remedies and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

---

[2] Indeed, the exhibits tendered by the petitioner establish that his attempt to seek review in the Second Circuit Court of Appeals was rejected because petitioner did not comply with the Court's procedural rules. Further, the published jurisprudence reveals no pertinent writ judgments from the Louisiana Supreme Court involving the petitioner. See Westlaw database, Louisiana Cases, case title search, ti(Lonnie +2 Moore) at, http://web2.westlaw.com/search/default.wl?vr=2.0&rs=WLW8.04&eq=Welcome%2fLouisiana&action=Search&fn= _top&sv=Split&method=TNC&query=ti(LONNIE+%2b2+MOORE)&utid=%7b09846306-2B8B-4E3F-B643-7E7 D53236226%7d&tf=770&tc=1001&db=LA-CS&effdate=1%2f1%2f0001+12%3a00%3a00+AM&rp=%2fsearch%2 fdefault.wl&mt=Louisiana

by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed in Chambers, Monroe, Louisiana, May 14, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE